IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| COMMONWEALTH OF PENNSYLVANIA<br><br>v.<br><br>WADE O. KING | CRIMINAL NO. 25-119 |
|---|---|

# ORDER

**AND NOW**, this 8th day of April, 2025, upon review of *pro se* Defendant Wade O. King's notice of removal of a state court criminal prosecution (ECF 1), it is hereby **ORDERED** that this case shall be **REMANDED** to the Court of Common Pleas of Lancaster County, Pennsylvania,[1] and *pro se* Defendant's Petition to proceed *in forma pauperis* (ECF 2) is **DENIED as moot**.

The Clerk shall close this case.

BY THE COURT:

/s/ Michael M. Baylson
_____
**MICHAEL M. BAYLSON**
**United States District Court Judge**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\Criminal Cases\25-119 Commonwealth of Pennsylvania v. King\25cr119 Order re Remand.docx

---

[1] Even construing *pro se* Defendant's notice of removal ("Notice") liberally, as it must, the Court cannot identify a legally valid basis for removal. First, Defendant's notice is untimely – based on the docket sheet for the removed state criminal proceeding in the Court of Common Pleas of Lancaster County, Pennsylvania (Case No. CP-36-CR-0000045-2024), Defendant was arraigned on January 26, 2024, which is well beyond the removal statute's 30-day period. 28 U.S.C. § 1455(b)(1). Second, the "face of the notice" fails to state any ground supporting removal. See id. at (b)(4). Defendant raises 28 U.S.C. § 1443 but fails to allege any facts about his alleged denial of equal civil rights. The Notice does not describe the state court proceedings in any detail, except by mere reference to the pending criminal proceeding in the Court of Common Pleas of Lancaster County, Pennsylvania for retail theft.

To the extent Defendant claims that his "federally protected rights" were violated during the state court proceedings, Defendant is free to file a separate civil complaint stating all the allegations supporting a legal cause of action, should it meet the federal jurisdictional requirements.